IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES F. HANDLIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 05-3143 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner James Handlin's Motion to Vacate, Set Aside or Correct his Sentence (d/e 1). 28 U.S.C. § 2255. For the reasons set forth below, the Motion is denied.

On May 16, 2002, a jury found Handlin guilty of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; use of fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1); mail fraud, in violation of 18 U.S.C. § 1341; and arson, in violation of 18 U.S.C. § 844(i). The crime of arson carried a mandatory minimum sentence of 60 months. 18 U.S.C. § 844(i). The crime of use of fire to commit a felony carried a mandatory minimum sentence of 120 months, which must be imposed

1

consecutively to any other sentence. 18 U.S.C. § 844(h)(1). On September 27, 2002, this Court sentenced Handlin to a total of 180 months imprisonment, consisting of the mandatory minimum sentence of 60 months for the arson conviction, plus the 120 month consecutive sentence for the § 844(h)(1) conviction.[1] The convictions and sentences were affirmed on appeal on May 3, 2004. United States v. Handlin, 366 F.3d 584 (7th Cir. 2004). Handlin did not file a petition for writ of certiorari before the United States Supreme Court. Handlin signed this Motion on May 25, 2005.

Handlin raises three grounds in his Motion: (1) appellate counsel was ineffective for failing to inform Handlin of the opportunity to file a petition for writ of certiorari before the Supreme Court, and for failing to file such a petition; (2) appellate counsel was ineffective for failing to file a supplemental brief seeking additional review of the Defendant's sentence in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004); and (3) counsel at trial was ineffective for failing to preserve objections to sentencing enhancements and briefing those objections. None of these

---

[1]The sentences for the other counts of conviction were ordered to run concurrently with the sentence on the arson conviction.

contentions has merit.

## ANALYSIS

To establish ineffective assistance of counsel, Handlin must show: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) his counsel's deficient performance prejudiced him, resulting in an unreliable or fundamentally unfair outcome of the proceeding. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).

Handlin presents nothing to show that he can prevail on any of his ineffective assistance claims. He presents nothing to show that he would have received any relief from the Supreme Court on a writ of <u>certiorari</u>, let alone that the Supreme Court would have even granted the writ. He seems to be arguing that he would have received relief if his counsel had challenged his sentence under the principles announced in <u>Blakely v. Washington</u>, because the sentencing was conducted by the Court based on a preponderance of the evidence rather than as a trial by jury with proof beyond a reasonable doubt. It is clear that he would have received no such relief.

Every fact that increases the maximum possible penalty, other than existence of a prior conviction, must be alleged in an indictment and proven

to a jury beyond a reasonable doubt. Blakely v. Washington, 124 S.Ct. at 2536; Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Handlin was sentenced to the statutory minimum required by his convictions for arson and the use of fire to commit a felony. 18 U.S.C. §§ 844(h)(1) and 844(i). These two charges were alleged in the indictment and proven to a jury beyond a reasonable doubt. Thus, in this case, every fact that affected Handlin's sentence was alleged in the indictment and proven to the jury beyond a reasonable doubt, as required by the Supreme Court in Blakely. Therefore, his appellate counsel did not fail to meet the objective standard of reasonableness by deciding not to pursue the issue before the Supreme Court, and Handlin was not prejudiced by that decision.

Furthermore, Handlin's trial counsel's representation was not deficient because of his failure to object to sentencing enhancements. Handlin received the statutory minimum sentence for the counts of conviction. Any additional enhancements raised at sentencing by the United States Probation Office or the Government did not affect his sentence. Thus, he was not prejudiced by his counsel's decision not to object to any such sentencing enhancements. Handlin is not entitled to an evidentiary hearing on any of his claims for relief.

Handlin also asks this Court for leave to amend his Motion after he has had reasonable opportunity to review and research the records of his case. Section 2255 includes a one-year statute of limitations on filing motions under the provision. In order to avoid the statute of limitations bar, Handlin's amended motion would need to relate back to the original Motion. Fed. R. Civ. P. 15(c)(2).[2] The Court sees no possible meritorious amendment that would relate back to the three grounds raised in the petition. The three grounds essentially complain that Handlin's attorneys did not secure a sentence below the statutory mandatory minimum at the sentencing hearing or on appeal. Once the jury found Handlin guilty, federal statutes dictated a minimum sentence of 180 months. 18 U.S.C. §§ 844(h)(1) and 844(i). His trial counsel could not change that outcome at sentencing, and his appellate counsel could not change that outcome by securing a new sentencing hearing. The Court, therefore, sees no grounds for allowing Handlin additional time to file an amendment.

THEREFORE, Petitioner James Handlin's Motion to Vacate, Set Aside or Correct his Sentence (d/e 1) is DENIED. All pending motions are

---

[2]The Federal Rules of Civil Procedure apply to § 2255 proceedings. Section 2255 Rule 12.

denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: October 18, 2005.

    FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE